19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NUMBER 668483   DIVISION "SEC. 25"

COST OK Amt. Pauper
APR 2 0 2018
BY _____ MH
DY CLERK OF COURT

JOSHUA DAVIS, PLAINTIFF

VERSUS

LOUISIANA STATE UNIVERSITY AND A&M COLLEGE, F. KING ALEXANDER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS LSU PRESIDENT, MARI FUENTES-MARTIN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS LSU DEAN OF STUDENTS, KATIE MCGEE BARRAS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, THE LOUISIANA STATE UNIVERSITY POLICE DEPARTMENT, KEVIN SCOTT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE LSU POLICE DEPARTMENT, AND HALEY LOGAN ROBERT, DEFENDANTS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION**

The Petition of Joshua Davis, a resident of the full age of majority of East Baton Rouge Parish, Louisiana, respectfully represents:

1.

The defendants enumerated below are justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law and as to the individual defendants, attorney's fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity:

1. Louisiana State University and A&M College, (hereinafter "LSU"), a body domiciled in East Baton Rouge Parish, Louisiana;

2. F. King Alexander, individually and in his official capacity as President and Chancellor of LSU, (hereinafter "Alexander"), a resident of the full age of majority of East Baton Rouge Parish, Louisiana;

3. Mari Fuentes-Martin, individually and in her official capacity as LSU Dean of Students, (hereinafter "Fuentes-Martin");

4. Katie McGee Barras, individually and in her official capacity as an employee of Louisiana State University, (hereinafter "Barras");

5. The Louisiana State University Police Department, (hereinafter "LSU PD");

REC'D
MAY 03 2018

REC'D C.P.
APR 23 2018

Certified True and Correct Copy
eCertID: 000374920

Alice Monaco
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/4/2018 4:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

6. Kevin Scott, individually and in his official capacity as an officer of the LSU Police Department, (hereinafter "Scott");

7. Haley Logan Robert, (hereinafter "Robert"), a resident of the full age of majority of the state of Louisiana.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction in this matter under 28 U.S.C. §§ 1331, and 2202. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over claims arising under the Louisiana Constitution of 1974, as they arise out of the same case or controversy as the federal claims.

3.

Venue is proper in this Court under 28 U.S.C. § 1391 because the substantial part of the events or omissions giving rise to these claims occurred within the East Baton Rouge Parish, within this court's jurisdiction. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. A declaration of law is necessary to determine the respective rights and duties of the parties.

## INTRODUCTION

4.

This action is brought pursuant to:

42 U.S.C. § 1983 for actions arising under the First, Fourth, Fifth, and Sixth Amendments to the Constitution of the United States; Article I, Sections 5, 12 and 13 of the Louisiana Constitution of 1974; Louisiana Revised Statutes, RS 14:40, RS 14:40.2, and RS 14:133.

5.

Plaintiff seeks a preliminary and permanent injunctions barring the Defendants from interfering with the rights, to include the life, liberty, or property of the Plaintiff while attending school at Louisiana State University. The Plaintiff also seeks a declaratory judgment, nominal damages, and attorneys' fees.


Certified True and Correct Copy
eCertID: 000374920

*alice Monaco*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/4/2018 4:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

6.

Plaintiff, Mr. Davis, is currently a student of Louisiana State University and is striving to become a licensed Civil Engineer and Land Surveyor for the State of Louisiana. Before beginning college at LSU, he was a United States Marine, honorably discharged, after his four year enlistment with which he served one tour overseas. He is currently attending LSU using the Post 9/11 G.I. Bill which he earned for his honorable service to the country. Mr. Davis is an adult citizen of the United States and resided in Baton Rouge, Louisiana, at all times relevant to this Complaint.

## FACTUAL ALLEGATIONS

7.

On March 15, 2016, LSU Police came to Mr. Davis' classroom on LSU's campus, pulled him out of class and arrested him. Mr. Davis was charged by LSU Police Officer Kevin Scott for violating LRS 14:40 and LRS 14:59. Upon arrest, Mr. Davis was brought to the LSU Police station in a marked LSU Police unit, where he was detained for about two hours in a detainment cell. While Mr. Davis was detained, LSU Police not in uniform, then entered three black, unmarked police SUV's and drove to Mr. Davis' home of residence. Upon arrival, LSU Police without a warrant trespassed on Mr. Davis' land and attempted to enter his home. After unsuccessfully entering the front of the home because the doors were locked, the officers then went through Mr. Davis' fence gate to his back yard where they attempted to enter his home from the back door. Their attempts were unsuccessful again because that door was locked as well.

8.

While trespassing on Mr. Davis' land, the LSU Police Officers noticed Mr. Davis' neighbors looking at the three all black, unmarked police SUV's in front of Mr. Davis' home and at the officers attempting to enter Mr. Davis' home. The LSU Police officers then confronted Mr. Davis' neighbors and asked them if anyone was there who had the ability to let them into Mr. Davis' home. Upon closer inspection of Mr. Davis' neighbors' home, the LSU Police officers noticed multiple security cameras recording them, and recording the front of Mr. Davis' home. When this discovery was made, the LSU Police hastily terminated the conversation and all officers and units left and headed back to the LSU Police station.


**Certified True and Correct Copy**
eCertID: 000374920

*Alice Monaco*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/4/2018 4:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

9.

When the officers arrived back at the LSU Police Station, LSU Police Officer Kevin Scott then took Mr. Davis from a detainment cell to an interrogation room. After entering the interrogation room, Mr. Davis was advised of his Miranda rights. After Mr. Davis was advised of his Miranda rights, Scott then started interrogating Mr. Davis. Immediately when the interrogation started, Mr. Davis asked for a lawyer, which is a right granted to him per the Constitution of the United States. Scott refused to let Mr. Davis have a lawyer present and continued interrogating him. Mr. Davis was interrogated by Scott for two hours, during which Mr. Davis asked for a lawyer at least ten times. During the two hour interrogation, Scott handed Mr. Davis a statement form to "confess" to what he had done. Mr. Davis filed out the statement form stating that the LSU Police and Scott had refused to afford him his constitutional right to have a lawyer present. Upon reading this statement that Davis has filled out, Scott became enraged. Davis was then booked into East Baton Rouge Parish Jail.

10.

Davis was initially arrested by Scott because of a false police report filed by Haley Logan Robert (violating LA R.S. 14:133) stating that Mr. Davis was harassing Robert "through social media, through her mobile telephone, in-person visits to her residence in Baton Rouge, and in-person visits to her place of employment" which is quoted directly from Mr. Davis' arrest report filed by LSU Police. This illegal action taken by Robert was proved when on March 8, 2018, all charges against Mr. Davis were dropped and dismissed by the East Baton Rouge District Attorney's Office, because Mr. Davis was innocent of the charges presented against him by LSU Police.

11.

Because of Mr. Davis' arrest by LSU PD and the criminal charges presented against him, he was suspended from LSU. Leading up to his suspension, Defendants Mari Fuentes-Martin and Katie McGee Barras worked tirelessly to harass Mr. Davis and do whatever it took to get him suspended from LSU, even though Mr. Davis continued to profess his innocence to the charges presented against him. Defendant F. King Alexander was made aware of the illegal actions taking place by Fuentes-Martin and Barras and did nothing to stop them.

Certified True and Correct Copy
eCertID: 000374920

*alice Monaco*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/4/2018 4:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

12.

Mr. Davis also created a LSU student organization to help combat illegal actions taken by LSU administrators called the "Division of Administrative Oversight, Office of Student Protection." The organization wrote a letter to the LSU Campus Community dated January 9, 2017 to address the highly illegal actions that had been taken by the defendants. The Defendants then threated Mr. Davis if the letter was distributed on campus (violating Amendment 1, United States Constitution).

13.

In January 2017, Mr. Davis contacted Fuentes-Martin via email to request permission to go to the LSU Police Station to file a report for wrongdoing and criminal actions against the Defendants. Mr. Davis was suspended at the time and was not allowed on LSU's campus without permission from Fuentes-Martin, the LSU Dean of Students. Upon receiving an email back from Fuentes-Martin, she gave Mr. Davis permission to go on campus to go to the LSU Police Station. At the LSU police station Mr. Davis met with LSU Police officers and attempted to file a police report and complaint with them. However they told Mr. Davis to come back the following week and to bring all evidence with him. Mr. Davis then notified the LSU Police officers of evidence in the LSU administration building on campus that needed to be retrieved to hand over to Police. LSU Police then gave Mr. Davis permission to retrieve the evidence from the LSU administration building.

14.

The following week Mr. Davis went back to LSU to retrieve the evidence from the LSU administration building, and then immediately went to the LSU Police station to file the police report and complaint. After Mr. Davis arrived at the LSU Police station, he then sat down with an LSU Police detective to fill out the report and complaint. In the middle of Mr. Davis filling out the paperwork, six LSU Police officers entered the room Mr. Davis was in at the LSU Police station and arrest him. LSU Police charged Mr. Davis with trespassing. They charged him for trespassing at the LSU administration building that they gave him permission to go to in order to retrieve the evidence to file his report and complaint. This then prevented Mr. Davis from filing a report and complaint against the defendants. These highly illegal actions taken by LSU Police violate a number of laws including, but not limited to (LA R.S. 14:40).



Certified True and Correct Copy
eCertID: 000374920

*Alice Monaco*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/4/2018 4:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

15.

The charge presented against Mr. Davis above of trespassing by LSU Police was also never billed, and never sent to the East Baton Rouge Parish District Attorney's Office for prosecution. This blatant attempt taken by the Defendants to prevent Mr. Davis to file a report or complaint with LSU PD by false arrest and false imprisonment, violate his civil rights and violate federal law (42 U.S. Code § 1983 and 18 U.S. Code § 1001).

## CAUSES OF ACTION

16.

### FIRST CAUSE OF ACTION—FOURTH, FIFTH, SIXTH AMENDMENT VIOLATION UNDER 42 U.S.C. § 1983 BY DEFENDANTS LSU POLICE AND KEVIN SCOTT

The LSU Police Department's and LSU Police Officer Kevin Scott's actions of :(1) trespassing on Mr. Davis' land while attempting to enter his home without a warrant, (2) refusing Mr. Davis' constitutional right to a lawyer after his arrest, (3) falsely arresting and falsely imprisoning Mr. Davis, and (4) intimidating Mr. Davis while he was attempting to file a police report and complaint are all actions that are in violation of his rights under the Constitution of the United States and are in violation of Federal and State Law. Mr. Davis is entitled to and desires an award of damages in his favor on his reprisal claim including, but not limited to, lost wages and benefits, lost reputation and standing in the community, emotional distress, humiliation and embarrassment, lost future employment opportunities, and all such other damages as will be more fully shown at trial on this matter and all for which Petitioner sues for herein.

### SECOND CAUSE OF ACTION: FALSE POLICE REPORT, DEFAMATION

17.

As set forth herein, defendant Haley Logan Robert, falsified and created allegations of wrong doing against Mr. Davis in order to engineer his suspension or expulsion from LSU. Mr. Davis is entitled to and desires reinstatement to LSU for the entire duration of his applicable college career. The identified statements listed above and herein are false, are defamatory, and were made with actual malice. As a result of the defamation sued for herein, Petitioner sustained damages which include, but are not limited to, lost wages and benefits, lost reputation and standing in the community, emotional distress, humiliation and embarrassment, lost future employment opportunities, and all such other damages as will be shown fully shown at trial on this matter and all for which Petitioner sues for herein.


Certified True and Correct Copy
eCertID: 000374920

_alice Monaco_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/4/2018 4:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

### THIRD CAUSE OF ACTION: HARRASSMENT AND FIRST AMENDMENT VIOLATION

18.

The continual harassment shown by the Defendants: Louisiana State University, Mari Fuentes-Martin, Katie McGee Barras, and F. King Alexander, are unlawful, and the Petitioner, Mr. Davis, further contends that defendants, in their individual capacity and official capacity, engaged in behavior which was in wanton, reckless, and in clear disregard for Mr. Davis' established rights and is thus liable unto him for punitive damages as allowed. As a result of the incidents sued upon herein, Petitioner sustained damages which include but are not limited to, loss of earning capacity, humiliation and embarrassment, severe emotional distress, past and future psychological/medical expenses, and such other damages which will be more fully shown at trial and for which Petitioner sues for herein. Petitioner is entitled to and desires an award of attorney's fees against defendants.

19.

Petitioner is entitled to and desires all such other relief to which he is entitled at law or in equity. Petitioner is entitled to and desires trial by jury of this matter.

20.

WHEREFORE, Petitioner, Joshua Davis, prays for trial by jury, and after due proceedings are had that there be judgment herein in his favor and against defendants, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully submitted,
By: _____

Joshua Davis
4135 Stand Drive
Baton Rouge, Louisiana, 70809
(225) 610-0318



Certified True and Correct Copy
eCertID: 000374920

_Alice Monaco_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/4/2018 4:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

PLEASE SERVE:

Louisiana State University and A&M College
Board of Supervisors of Louisiana State University
and A&M College, through secretary
104B University Administration Building
3810 W. Lakeshore Drive
Baton Rouge, LA, 70808

F. King Alexander,
at his place of employment,
LSU System Office
3810 West Lakeshore Drive
Baton Rouge, LA, 70808

Maria Fuentes-Martin
at her place of employment,
333 LSU Student Union
Baton Rouge, LA, 70803

Katie McGee Barras
at her place of employment,
Louisiana Department of Education
1201 North Third Street
Baton Rouge, LA, 70802

LSU Police Department
through secretary,
South Stadium Road
Baton Rouge, LA, 70803

LSU Police Officer Kevin Scott
at his place of employment,
South Stadium Road
Baton Rouge, LA, 70803

Haley Logan Robert
at her place of employment
or, at her place of residence.
775 Ben Hur Rd
6209 Apt.
Baton Rouge, LA, 70820

Certified True and Correct Copy
eCertID: 000374920

*alice Monaco*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/4/2018 4:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).