UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA DAVIS

VERSUS

LOUISIANA STATE UNIVERSITY
AND A&M COLLEGE, ET AL.

CIVIL ACTION

NO. 18-614-SDD-RLB

**RULING ON MOTION FOR THE APPOINTMENT OF COUNSEL**

This matter comes before the Court on the plaintiff's Motion for the Appointment of Counsel (R. Doc. 3).

The *pro se* plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State University and A&M College, F. King Alexander, individually and in his official capacity as LSU President, Mari Fuentes-Martin, individually and in her official capacity as LSU Dean of Students, Katie McGee Barras, individually and in her official capacity, the Louisiana State University Police Department, Kevin Scott, individually and in his official capacity as an officer of the LSU Police Department and Haley Logan Robert alleging violations of his constitutional rights. The suit was filed in the 19th Judicial District Court in the Parish of East Baton Rouge. Defendants removed this matter on June 7, 2018. (R. Doc. 1).

The Court notes that there has been no determination made by this Court regarding Plaintiff's financial ability to retain counsel. Because this matter was originally filed in state court, there has been no determination that Plaintiff may proceed as a pauper. The Court has the authority to "request" an attorney to represent the plaintiff under 28 U.S.C. § 1915(e)(1), and the extra-statutory authority to order an attorney to do so in rare circumstances. *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015). A civil rights complainant has no right to the automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A

district court may appoint counsel "if doing so would advance the proper administration of justice," *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989), but appointment of counsel is not required "unless the case presents exceptional circumstances." *Ulmer*, 691 F.2d at 212. In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination. *Id*. at 213.

In the instant case, the Court finds that "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. The plaintiff's petition which was filed in the 19th Judicial District Court and removed to this court on June 7, 2018 (R. Doc. 1-2), is neither factually nor legally complex, and no other factors in *Ulmer* are found to require the appointment of counsel. The plaintiff has set out the factual basis for his claims in his petition, and this pleading and others reflect that the plaintiff understands the proceedings and can address the issues presented.

Additionally, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. *Pro se* plaintiffs are given great flexibility in the examination of witnesses, and the plaintiff has adequately presented his case thus far.

*Pro se* pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). This Court is liberal in reviewing the pleadings and motions filed by *pro se* plaintiffs pursuant to § 1983, giving *pro se* plaintiffs

ample opportunity to amend if necessary and granting generous extensions of time to comply with Court Orders.

Accordingly, in light of the Court's liberal construction of *pro se* pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with the plaintiff's apparent ability to litigate this action *pro se*, the Court finds that the appointment of counsel would be of marginal service to the Court in this case and would not significantly assist the plaintiff in the examination of the witnesses or in the sharpening of the issues for trial. Therefore, having considered the factors set forth in *Ulmer*, *supra*, the Court finds that the appointment of counsel is not required or warranted in this case. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for the Appointment of Counsel (R. Doc. 3) be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on August 26, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**