UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA DAVIS | CIVIL ACTION |
| VERSUS | |
| LOUISIANA STATE UNIVERSITY AND A&M COLLEGE, ET AL. | 18-614-SDD-RLB |

## ORDER

The *pro se* plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State University and A&M College, F. King Alexander, individually and in his official capacity as LSU President, Mari Fuentes-Martin, individually and in her official capacity as LSU Dean of Students, Katie McGee Barras, individually and in her official capacity, the Louisiana State University Police Department, Kevin Scott, individually and in his official capacity as an officer of the LSU Police Department, and Haley Logan Robert (collectively "Defendants") alleging violations of state law and his federal constitutional rights. This suit was originally filed in the 19th Judicial District Court in the Parish of East Baton Rouge, and Defendants removed this matter on June 7, 2018.[1]

On June 14, 2018, Defendants filed a *Motion to Dismiss* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.[2] Apparently aware that he was required to file an opposition, Plaintiff filed a document that, based on the content of the document, the Clerk of Court docketed as a

---

[1] Rec. Doc. No. 1.
[2] Rec. Doc. No. 2.
Document Number: 48393

*Motion to Appoint Counsel/MEMORANDUM in Opposition*.[3]  In this document, Plaintiff requested the Court appoint counsel to represent him in this case, and Plaintiff asked the Court not to dismiss his case because he asserts the Defendants have broken the law and knowingly violated his constitutional rights.  Plaintiff did not assert any legal authority or advance any argument as to specific claims to support his opposition to the Defendants' motion.

Magistrate Judge Bourgeois performed the appropriate analysis and found that Plaintiff was not entitled to the appointment of counsel in this civil case; thus, Plaintiff's *Motion to Appoint Counsel* was denied on August 27, 2018.  To date, Plaintiff has failed to properly oppose Defendants' motion.

Ordinarily, the Court would grant Defendants' motion pursuant to Local Rule 7(f) and based on the apparent merits of Defendants' motion; however, the Court acknowledges that "*pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers,"[4] and "*pro se* pleadings must be treated liberally."[5]  Nevertheless, Plaintiff is advised that, "a *pro se* litigant is not 'exempt ... from compliance with the relevant rules of procedural and substantive law.'[6]  A *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[7]

Plaintiff's *Petition* demonstrates that he is capable of articulating his claims and is familiar with both the state and federal laws under which he is bringing this suit.  As such,

---

[3] Rec. Doc. No. 3.
[4] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).
[5] *U.S. v. Robinson*, 78 F.3d 172, 174 (5th Cir.1996); *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).
[6] *NCO Financial Systems, Inc. v. Harper–Horsley*, No.07–4247, 2008 WL 2277843 at *3 (E.D.La. May 29, 2008), quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).
[7] *Id.*, citing *Birl*, 660 F.2d at 593.

Document Number: 48393

Plaintiff will be given a final opportunity to oppose Defendants' motion in light of the Court's comments herein and in compliance with the Federal Rules of Civil Procedure, the Local Rules of the Middle District, and applicable jurisprudence.

Accordingly, Plaintiff shall have until November 12, 2018 to submit a memorandum in opposition to Defendants' motion. No extensions of time will be considered unless warranted by exceptional circumstances.[8] Plaintiff's failure to properly oppose Defendants' motion shall result in the dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 12th day of October, 2018.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] Matters of general inconvenience (*i.e.*, the demands of school and/or work, vacations, and minor illnesses) will not constitute exceptional circumstances.

Document Number: 48393