# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA DAVIS | CIVIL ACTION |
| VERSUS | |
| | 18-614-SDD-RLB |
| LOUISIANA STATE UNIVERSITY AND A&M COLLEGE, ET AL. | |

## **RULING**

This matter was brought by *pro se* Plaintiff Joshua Davis ("Plaintiff"), who originally filed this lawsuit in the 19th Judicial District Court in the Parish of East Baton Rouge, asserting violations of his federal constitutional rights and violations of Louisiana state law. The appearing Defendants removed this matter to this Court on June 7, 2018.[1] Now before the Court is the *Motion to Dismiss* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted[2] filed by Defendants, Louisiana State University and A&M College ("LSU"), F. King Alexander ("Alexander"), individually and in his official capacity as LSU President, Mari Fuentes-Martin ("Fuentes-Martin"), individually and in her official capacity as LSU Dean of Students, Katie McGee Barras ("Barras"), individually and in her official capacity, and the Louisiana State University Police Department. Defendant Kevin Scott ("Officer Scott") was sued individually and in his official capacity as an officer of the LSU Police Department, and Haley Logan Robert ("Robert") was also named as a Defendant;

---

[1] Rec. Doc. No. 1.
[2] Rec. Doc. No. 2.
Document Number: 49570

however, there is no evidence in the record confirming that either Officer Scott or Robert have been served.[3]

In response to Defendants' *Motion*, Plaintiff requested the Court appoint counsel to represent him in this case, and Plaintiff asked the Court not to dismiss his case because he asserts the Defendants have broken the law and knowingly violated his constitutional rights.[4] However, Plaintiff failed to assert any legal authority or advance any arguments as to specific claims to support his opposition to the Defendants' motion. Magistrate Judge Bourgeois performed the appropriate analysis and found that Plaintiff was not entitled to the appointment of counsel in this civil case; thus, Plaintiff's *Motion to Appoint Counsel* was denied on August 27, 2018. In the interests of justice and in consideration of Plaintiff's *pro se* status, the Court extended the deadline for Plaintiff to file an opposition to the Defendants' motion. The Court advised Plaintiff as follows:

> Ordinarily, the Court would grant Defendants' motion pursuant to Local Rule 7(f) and based on the apparent merits of Defendants' motion; however, the Court acknowledges that "*pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers,"[5] and "*pro se* pleadings must be treated liberally."[6] Nevertheless, Plaintiff is advised that, "a *pro se* litigant is not 'exempt ... from compliance with the relevant rules of procedural and substantive law.'[7] A *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[8]

Thus, with these considerations in mind, the Court gave Plaintiff a final opportunity to oppose Defendants' motion, but the Court also directed Plaintiff that, even as a *pro se*

---

[3] *See* Rec. Doc. Nos. 1-3 at 5, 7.
[4] Rec. Doc. No. 3.
[5] Rec. Doc. No. 11 at 2 (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).
[6] *Id.* (quoting *U.S. v. Robinson*, 78 F.3d 172, 174 (5th Cir.1996); *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004)).
[7] *Id.* (quoting *NCO Financial Systems, Inc. v. Harper–Horsley*, No.07–4247, 2008 WL 2277843 at *3 (E.D.La. May 29, 2008), quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)).
[8] *Id.* (citing *Birl*, 660 F.2d at 593.
Document Number: 49570

litigant, his opposition must comply with the Federal Rules of Civil Procedure, the Local Rules of the Middle District, and applicable jurisprudence. Plaintiff was cautioned that his "failure to properly oppose Defendants' motion shall result in the dismissal of this case with prejudice."[9]

Subsequently, Plaintiff filed an *Opposition*[10] to Defendants' motion, to which Defendants filed a *Reply*.[11] For the reasons set forth below, the Court finds that Defendants' motion should be granted.

## I. FACTUAL BACKGROUND

In March 2016, Plaintiff was a student at LSU.[12] Plaintiff alleges that in March 2016, Robert filed a false police report accusing him of various forms of harassment.[13] Plaintiff further alleged that, on March 15, 2016, officers with the LSU Police Department ("LSU PD") pulled Plaintiff out of class and arrested him for violating Louisiana Revised Statutes 14:40 and 14:59.[14] Plaintiff claims that, following this arrest, he was brought to the LSU PD and detained for two hours.[15] Plaintiff also claims that, while he was being held at the LSU PD, LSU PD officers trespassed onto his property and unsuccessfully attempted to enter his residence.[16]

While detained at the LSU PD, Plaintiff alleges he was interrogated by Officer Scott for two hours, was denied his numerous requests for an attorney, and was ultimately

---

[9] *Id.* at 3.
[10] Rec. Doc. No. 12.
[11] Rec. Doc. No. 15.
[12] Rec. Doc. No. 1-2, ¶ 6.
[13] *Id.* at ¶ 10.
[14] *Id.* at ¶ 7.
[15] *Id.*
[16] *Id.* at ¶ 8.
Document Number: 49570

booked into the East Baton Rouge Parish Jail.[17]  Plaintiff claims all criminal proceedings brought against him were dismissed on March 8, 2018.[18]

Subsequent to his March 2016 arrest, Plaintiff alleges he was suspended from LSU and claims that Fuentes-Martin and Barras "worked tirelessly to harass [him] and do whatever it took to get him suspended from LSU, even though [he] continued to profess his innocence to the charges presented against him."[19]  Plaintiff alleges that Alexander was made aware of these actions but did nothing to stop them.[20]

In response to this matter, Plaintiff alleges he formed a student organization called the "Division of Administrative Oversight, Office of Student Protection," created to combat illegal actions taken by LSU administrators.[21]  Plaintiff contends "[t]he organization wrote a letter to the LSU Campus Community dated January 9, 2017 to address the highly illegal actions that had been taken by the defendants."[22]  Plaintiff alleges that the Defendants threatened Plaintiff if the letter was distributed on campus, violating his First Amendment free speech rights.[23]

Plaintiff contends that, in January 2017, he was suspended from LSU and not allowed on campus.  In response, he requested permission from Fuentes-Martin to go to the LSU Police to file a report, and Fuentes-Martin granted this request.[24]  Plaintiff claims that, over the next couple of weeks, he met with LSU police officers and attempted to file

---

[17] *Id.* at ¶ 9.
[18] *Id.* at ¶ 10.
[19] *Id.* at ¶ 11.
[20] *Id.*
[21] *Id.* at ¶ 12.
[22] *Id.*
[23] *Id.*
[24] *Id.* at ¶ 13.

a police report.[25]  While allegedly allowed in the LSU administration building to retrieve evidence and fill out a report and complaint, Plaintiff alleges he was subsequently arrested by six LSU police officers and charged with trespassing, although no formal charges were ever brought against him.[26]

Plaintiff filed this lawsuit on April 20, 2018, in state court, and the Defendants removed this matter to this Court on June 9, 2018.  Plaintiff has asserted a plethora of federal and state claims against the Defendants.  Pursuant to 42 U.S.C. § 1983, Plaintiff asserts claims of First Amendment retaliation and harassment, false arrest, false imprisonment, and violations of his Fourth, Fifth, and Sixth Amendment rights against the Defendants in their official and individual capacities.  Plaintiff asserts violations of Article I, Sections 5, 12, and 13 of the Louisiana Constitution of 1974 and Louisiana Revised Statutes 14:40 (intimidation by police officers), 14:40.2 (stalking), and 14:133 (filing or maintaining false public records), and defamation.[27]  The appearing Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claim upon which relief may be granted.

## II.    LAW & ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[28]  The

---

[25] *Id.* at ¶¶ 13-14.
[26] *Id.* at ¶ 14.
[27] The Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.
[28] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
Document Number: 49570

Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[29] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[30] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[31] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[32] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[34] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[35] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[36]

---

[29] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[30] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

[31] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").

[33] *Twombly*, 550 U.S. at 570.

[34] *Iqbal*, 556 U.S. at 678.

[35] *Taha v. William Marsh Rice University,* 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

[36] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d

Document Number: 49570

### B. LSU and LSU PD Not Juridical Entities Susceptible to Suit

Although Plaintiff named LSU and the LSU PD as Defendants in this matter, Defendants note that, as a matter of Louisiana law, neither LSU nor the LSU PD are juridical entities capable of being sued.[37] In his *Opposition*, Plaintiff concedes that LSU and the LSU PD are not entities susceptible to suit under Louisiana law.[38] Accordingly, LSU and the LSU PD are dismissed from this action with prejudice.

### C. Prescription

Defendants move to dismiss Plaintiff's Section 1983 claims and state law tort claims arguing that they are prescribed as a matter of law. Defendants correctly note that federal courts apply a state's personal injury statute of limitations to claims brought under 42 U.S.C. § 1983. In Louisiana, such actions are subject to a liberative prescriptive period of one year, and prescription begins to run from the date of the injury or when damage was sustained.[39] As to Plaintiff's state law claims, Louisiana law provides that prescription begins to run "the day the injury is sustained."[40]

First, Plaintiff failed to offer any legal argument or jurisprudence to oppose Defendants' legally supported defense of prescription. Indeed, Plaintiff did not even address the issue of prescription. The failure to address Defendants' prescription

---

209 (1986)).

[37] La. R.S. 17:3351(A)(1) provides that the Board of Supervisors of LSU, as the post-secondary management board for LSU and its related entities, has the capacity to sue and be sued.

[38] Rec. Doc. No. 12 at 7.

[39] For Section 1983 claims in Louisiana, the Fifth Circuit applies a one-year tort prescriptive period. *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002) (stating that Louisiana's one-year statute of limitations for personal-injury actions applies to Section 1983 claims).

[40] La. C. C. art. 3492. Plaintiff's false arrest/false imprisonment claims are deemed to have arisen on the day the plaintiff is imprisoned and released, *see Godfrey v. Reggie*, 11-1575 (La. App. 3 Cir. 05/02/12), 94 So. 3d 82, 89 (citing *Matthews v. City of Bossier City*, 42-202 (La. App. 2 Cir. 8/15/07), 963 So.2d 516, 520)). However, these dates still fall more than a year prior to the date suit was filed.

Document Number: 49570

argument as to these claims results in the abandonment of the claims.[41]  Moreover, the

allegations of Plaintiff's *Petition* only buttress Defendants' prescription defense.  Indeed,

all of Defendants' alleged conduct took place on or before January 2017.  Plaintiff did not

file this lawsuit until April 2018, clearly more than one year after the date of injury or the

date that damage was sustained.  There are no facts or arguments in Plaintiff's *Petition*

or *Opposition* memorandum to suggest that Plaintiff was unaware of the alleged injury or

damage on the dates they occurred; indeed, his allegations distinctly indicate otherwise.

Accordingly, all federal and state law claims are dismissed with prejudice as they are

prescribed as a matter of law.

### D. Qualified Immunity on Behalf of Individual Defendants

Plaintiff argues in his *Opposition* that LSU, Fuentes-Martin, and Alexander

continue to harass him by refusing his readmittance to LSU to finish his college degree.[42]

However, this allegation does not appear in Plaintiff's *Petition*, and the law is well-settled

that arguments in a brief are not a substitute for properly pleaded allegations:   "it is

axiomatic that a complaint cannot be amended by briefs in opposition to a motion to

dismiss."[43]   Thus, this "claim" is not properly before the Court, and Defendants' assertion

---

[41] *See U.S. ex rel. Woods v. SouthernCare, Inc.*, 2013 WL 1339375 at *7 (S.D. Miss. Mar. 30, 2013)("The Relators did not adequately brief their opposition to the Defendant's Motion to Dismiss Count Three on state law claims of fraud, suppression, and deceit. As such, they have abandoned Count Three. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (concluding that plaintiff's failure to defend her "retaliatory abandonment" claim in response to the defendant's motion to dismiss constituted abandonment of the claim); *Dean v. One Life Am., Inc.*, No. 4:11–CV–203–CWR–LRA, 2013 WL 870352, at *2 (S.D.Miss. Mar. 7, 2013) (holding that by failing to address the defendant's argument in her response, the plaintiff abandoned her claim); *Alexander v. Brookhaven Sch. Dis*t., No. 3:07–CV–640–DPJ–JCS, 2009 WL 224902, at *4 (S.D.Miss. Jan. 28, 2009) (stating that the plaintiff "appears to have abandoned [her Equal Pay Act] claim having not defended it" in her response to the defendant's motion to dismiss), *aff'd*, 428 F. App'x 303 (5th Cir. 2011)).

[42] Rec. Doc. No. 12 at 5.  Plaintiff attaches an exhibit to his opposition as evidence; however, Plaintiff is advised that on a Rule 12(b)(6) motion, the Court cannot look outside the pleadings.

[43] *Becnel v. St. Charles Par. Sheriff's Office*, No. 15-1011, 2015 WL 5665060, at *1 n.3 (E.D. La. Sept. 24, 2015) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp.2d 504, 566 (S.D. Tex. 2011)

Document Number: 49570

of qualified immunity is premature.

Nevertheless, the Federal Rules of Civil Procedure provide that "leave to amend shall be freely given when justice so requires."[44]  Moreover, "courts should ordinarily grant a plaintiff **at least one** opportunity to amend before dismissing a complaint with prejudice for failure to state a claim.[45]  Plaintiff has not sought nor been granted leave to amend his original *Petition*.  Further, although Plaintiff cannot file an amended complaint to assert claims for any conduct that occurred prior to April 20, 2018, Plaintiff may be capable of pleading facts sufficient to state a claim relating to the alleged continued denial of his readmission to LSU.  Thus, for reasons of fundamental fairness to *pro se* litigants, and in keeping with the Court's general practice, the Court will grant Defendants' *Motion to Dismiss* but will allow Plaintiff twenty-one (21) days to amend his *Complaint* to plead any viable claims.[46]  Plaintiff is cautioned that he is not being given leave to re-plead facts or claims that the Court has dismissed herein as prescribed.

### E.  Defendants Officer Scott and Haley Robert

As demonstrated by the record, Plaintiff has failed to effect service upon either of these Defendants.  Further, all claims asserted against these Defendants are prescribed based on the analysis set forth above.  Therefore, Defendants Scott and Robert are dismissed from this action with prejudice.

---

(collecting cases)). Because a Rule 12(b)(6) motion tasks the Court with "assess[ing] the legal sufficiency of the complaint," the Court does not consider allegations that appear for the first time in plaintiffs' briefing. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012).

[44] Fed. R. Civ. P. 15(a)(2).

[45] *Matthews v. Stolier*, No. 13-6638, 2014 WL 5214738 at *12 (E.D. La. Oct. 14, 2014)(citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000))(emphasis added).

[46] Plaintiff should take note that Defendants intend to assert the defense of qualified immunity and tailor any amended pleadings accordingly.

Document Number: 49570

## III.    CONCLUSION

For the reasons set forth above, the appearing Defendants' *Motion to Dismiss*[47] is GRANTED.   Plaintiff's original *Petition/Complaint* is DISMISSED with prejudice as all asserted claims are prescribed.[48]   Plaintiff shall have until February 1, 2019 to file an *Amended Complaint* in accordance with this *Ruling*.   If Plaintiff fails to amend his *Complaint* within this deadline, *Judgment* shall be entered in favor of all Defendants.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 11th day of January, 2019.

_____

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[47] Rec. Doc. No. 2.
[48] Plaintiff's request for discovery is denied as moot as it relates to claims that are dismissed as prescribed.
Document Number: 49570